A. W. WHEELER, sheriff, plaintiff in error, *vs.* HENRY HARRISON, defendant in error.

1. A rule *nisi* obtained by defendant to set aside a judgment, will not protect the sheriff in not levying the *fi. fa.* and making the money, no *supersedeas* having been obtained, though the defendant served the sheriff with a copy of the rule.

2, After rule absolute against the sheriff, before he can be attached for contempt, a rule *nisi*, calling upon him to show cause why he should not be attached, must be sued out and served upon him.

Rule *nisi*. Sheriff. Levy and sale. Attachment. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1876.

Reported in the opinion.

J. A. ANSLEY; W. A. HAWKINS, for plaintiff in error.

R. F. LYON; S. D. IRVIN, for defendant.

JACKSON, Judge.

A rule *nisi* was served upon the sheriff to show cause why he had not made the money on plaintiff's *fi. fa.* The sheriff showed in his answer that defendant had moved to set aside the judgment, and that defendant had served him with a copy of his motion, or rule *nisi*, signed by the judge. No *supersedeas* was granted. The court below made the rule absolute. We think the court did right. It will not do for defendants to move rules *nisi*, granted as matter of course usually, obtain no *supersedeas*, and notify the sheriff simply that they have made the motion, and thus stop the plantiff's *fi. fa.* from proceeding. The sheriff should have gone on and executed the process of the court, unless the rule *nisi* had instructed him not to do so. After the rule was made absolute, the sheriff was attached without being served with a rule *nisi* to show cause why he should not be attached for contempt. We think this was error, and reverse the judgment on that ground.

The sheriff might show some reason against the attachment, and should have the opportunity to give it.

Judgment reversed.