### 5693. WALLACE & WALLIS *v.* KENT.

1. "Under the act creating the city court of Millen, the authority to issue distress warrants is vested in the judge, and such a warrant issued by the clerk of the court is void." *Newton* v. *Daniel Company,* 14 *Ga. App.* 152 (80 S. E. 509).
2. Where the original process is not merely voidable, but absolutely void, any subsequent proceeding based thereon is nugatory.

DECIDED JANUARY 20, 1915.

Motion to set aside judgment; from city court of Millen—Judge T. L. Hill. January 23, 1914.

*W. Woodrum, J. P. Brinson,* for plaintiffs in error.

*A. S. Anderson,* contra.

WADE, J. Upon the affidavit of the agent and attorney at law of R. D. Kent, setting forth that G. W. Kent was indebted to him in the sum of $160 for rent of certain premises described, for the year 1913, and claiming a special lien upon the crop grown thereon, for supplies furnished to the said G. W. Kent by his said landlord for the purpose of making a crop on the premises, as follows: "guano $210; supplies furnished by Daniel Sons & Palmer $36.50; rent of mule $50,—making a total of $296.50 in addition to the rent," the deputy clerk of the city court of Millen issued what purported to be a distress warrant, for the total sum of $456.50, reciting that the same was based upon an affidavit alleging that $160 for rent and $296.50 for supplies was due R. D. Kent by the defendant, G. W. Kent. This warrant was levied upon certain property, to which Mrs. Bonnie Kent filed her claim, at the same time giving a claim bond and a forthcoming bond, signed by the plaintiffs in error, Wallace & Wallis, as securities. The claim was returned to the city court of Millen, and upon the trial the jury returned a verdict for the plaintiff, finding the property levied upon subject to the payment of the warrant, as follows: "We, the jury, find in favor of the plaintiff. So say we all. Rent on place, $122.50; mule rent, $34; guano, $210; and also find property levied on subject to same." On this verdict a judgment was entered,

directing that "the plaintiff, R. D. Kent, recover of the defendant, G. W. Kent, the sum of $366.50, and that this judgment operate against the property levied upon and against the bondsmen, Wallace & Wallis, and that the plaintiff recover of the said bondsmen said principal sum and all costs of court in terms of the law." Wallace & Wallis filed a motion to set aside the judgment, upon several grounds, one being that the distress warrant was not issued by an officer authorized by law to issue distress warrants. There are a number of other grounds in the motion, but, under the view we take of the case, it is unnecessary to consider any ground other than the one raising the question as to the authority of the officer who issued the warrant.

The motion to set aside was overruled in an order which recited that the motion was denied for the reason that the alleged defects in the warrant were apparent, and that since the claimant had the same right to take advantage thereof as the real defendant, and failed to set up, at the time of the trial of the claim case, any of the objections now urged, the process had ripened into a legal and binding process. No rule of diligence required the bondsmen to be present at the trial of the claim case; and, whether they were in fact actually present or not, no waiver could be imputed to them, unless it was proved that they unequivocally waived the invalidity of the process. It was held by this court in the case of *Newton* v. *Daniel Company*, supra, that the contention there raised, that "the clerk of the city court of Millen had no authority, under the act creating the court, to issue distress warrants, that being the province of the judge," was good,—that, under the act creating that court, the authority to issue distress warrants is vested in the judge thereof. Acts 1912, p. 248. Since the warrant which was the basis for the claim proceeding was itself void ab initio, it could not be vitalized merely because of the fact that no proper objections to its form or sufficiency were made by the claimant at the time the judgment complained of was rendered. Where a warrant is not void, but merely voidable, for defects appearing on its face, such defects can sometimes be waived by a failure to make proper and timely objections, and such a process might become the basis of a valid judgment. A sick or moribund process may often be vitalized and made effective, but a process dead before birth can not possibly have life and efficacy breathed into it by any waiver whatsoever; nor

can a judgment obtained in a case depending upon an absolutely void proceeding be successfully upheld in the face of a direct attack thereon. A dead process can not generate a living judgment. The entire absence of process may be waived, but there is no evidence of such waiver by the sureties in this case. The trial court, therefore, should have set aside the judgment against the sureties on the claim bond. *Judgment reversed. Broyles, J., not presiding.*