MENDEL *v.* MENDEL.

CANDLER, Justice. On November 26, 1946, Shirley Petrek Mendel filed a suit for temporary and permanent alimony against her husband, James H. Mendel Jr. On this petition temporary alimony was awarded; and subsequently, on March 24, 1947, Mrs. Mendel sought to have her husband adjudged in contempt of court, alleging in her application that he was in arrears in the payment of alimony, and that he, while within the jurisdiction of the court, was preparing to leave the State; and she prayed that the writ of ne exeat issue, and that he be adjudged in contempt of court. In the application seeking a judgment of contempt, the applicant did not pray for a rule nisi, requiring the defend-

ant to appear and show cause why he should not be adjudged in contempt of court; and no rule nisi was issued. On the same date when the application was filed, the judge of the superior court issued an order, directing that the writ of ne exeat issue and summarily adjudging the defendant in contempt of court. On May 26, 1947, counsel for the husband moved the court to vacate and set aside so much of the judgment as adjudged the husband in contempt, upon the grounds that no rule nisi had ever been issued, and that the defendant had never been allowed an opportunity to enter any defense which he might have at law, but had been adjudged in contempt without notice or a hearing. This motion was disposed of on the wife's verified application and the order thereon, without the introduction of other evidence. The trial judge overruled the motion to set aside the judgment, the order being in the following language: "Application being made by Hoke Smith, as counsel for defendant, to set aside the above and foregoing order adjudging James Harold Mendel Jr. in contempt, after a hearing, it is ordered and adjudged that said motion to set aside be and the same is hereby denied—it being made to appear to the court that said Mendel is still in arrears and is without the jurisdiction of the court—this court having stated at this hearing' that, if counsel for James Harold Mendel Jr. will advise the court of the date when said Mendel will appear in court to offer evidence in support of his said motion, the court will protect him from arrest until said hearing is completed." To this judgment the husband excepted. *Held:*

1. The motion to dismiss the writ of error, upon the ground that it was prematurely brought, while the cause was still pending in the court below, is denied. While, as urged by the defendant in error, the alimony proceeding is still pending in the court below, the application filed by the wife to have her husband adjudged in contempt was an independent proceeding, though founded on the alimony proceeding; and it is now well settled that, where a husband has been adjudged in contempt for a failure to pay alimony, he may have the judgment reviewed by a direct bill of exceptions, although the alimony suit is still pending. See *Davis* v. *Davis,* 138 *Ga.* 8 (3) (74 S. E. 830). While in the instant case there is no exception to the judgment adjudging the husband in contempt, this would not preclude him from moving to set aside the judgment as being void for defects appearing on the face of the record; and a timely motion to set aside having been made in this case, a writ of error will lie to the overruling of that motion. Compare *Kingsbery* v. *Ryan,* 92 *Ga.* 108, 112 (17 S. E. 689); *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984 (1) (48 S. E. 380); *Watson* v. *Kvaternik,* 33 *Ga. App.* 415 (1) (126 S. E. 552). If the judgment complained of had been rendered as claimed by the plaintiff in error, it would have been such a final disposition of the independent cause (the application for an attachment for contempt) as is contemplated by the Code, § 6-701. Nothing here ruled is contrary to *Irby* v. *Irby,* 167 *Ga.* 708 (146 S. E. 489), which is wholly dissimilar on its facts.

2. Attachments for contempt are either civil or criminal, or both. An "attachment for contempt for failure to pay an amount of alimony ordered by the court is a remedial proceeding to enforce its payment

for the benefit of one of the parties to the suit. This proceeding is not a penal process to punish as for contumacious conduct toward the court, but to enforce the payment of the sum ordered but not paid. . . If the order is violated and the respondent fails to obey it, before he can be punished as for a civil contempt *he has the right to be heard* and purge himself of the contempt, if any has been committed, or to show any valid reason why he should not be adjudged in contempt. But surely a judgment of a court can not subject one to imprisonment for a future act, or failure to act, without a hearing." *Davis* v. *Davis*, 138 *Ga.* 8 (1), 10 (74 S. E. 830). See also *Swanson* v. *Douglas*, 150 *Ga.* 650 (105 S. E. 161); *Foster* v. *Foster*, 178 *Ga.* 791 (174 S. E. 532). It appearing undisputedly in this case, and on the face of the record, that the defendant in the court below was adjudged in contempt of court without being afforded an opportunity to be heard, no rule nisi having been issued prior to the judgment of contempt, such judgment was void. This case is analogous to a petition without a process. Ordinarily a judgment founded thereon is void, unless process has been waived. As stated in *Wallace* v. *Kent*, 15 *Ga. App.* 615 (83 S. E. 1100): "Where a warrant is not void, but merely voidable, for defects appearing on its face, such defects can sometimes be waived by a failure to make proper and timely objections, and such a process might become the basis of a valid judgment. A sick or moribund process may often be vitalized and made effective, but a process dead before birth can not possibly have life and efficacy breathed into it by any waiver whatsoever; nor can a judgment obtained in a case depending upon an absolutely void proceeding be successfully upheld in the face of a direct attack thereon. A dead process can not generate a living judgment. The entire absence of process may be waived, but there is no evidence of such waiver by the sureties in this case. The trial court, therefore, should have set aside the judgment." The judgment excepted to in this case unequivocally overruled the motion to set aside, and therefore it was a final judgment. Further language in the court's order, purporting to give the defendant an opportunity to appear in person and be heard, with an assurance that he would be protected from arrest until the hearing was completed, was insufficient to breathe life into a dead judgment. The court erred in overruling the motion to set aside.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15910. September 9, 1947.

*Smith, Kilpatrick, Cody, Rogers & McClatchey,* and *Hoke Smith,* for plaintiff in error.

*Mary J. Nelson* and *William F. Buchanan,* contra.