30064. RAGSDALE et al. v. BRYAN et al.

GUNTER, Justice.

This appeal is from a judgment that held the appellants in contempt of court and ordered them to pay attorney fees for the benefit of counsel representing the appellees in the contempt action. The citation for contempt was filed by the appellees because the appellants had allegedly violated a temporary injunction entered by the court.

The appellants contend here that the trial court was originally without jurisdiction to enter the temporary injunction, and that even if the court did have jurisdiction to enter the temporary injunction, it had no power to assess attorney fees in behalf of the appellees as punishment for contempt.

We hold that the trial court did have jurisdiction to enter the temporary injunction, that the evidence in the record supports the finding that the appellants were in contempt for a violation of the temporary injunction, but that the court was without power to assess attorney fees as punishment for the contempt.

Georgia's Constitution provides: "The power of the Courts to punish for contempt shall be limited by legislative acts." Code Ann. § 2-120.

The Georgia Legislature has provided that the superior courts have authority "[t]o punish contempt by fines not exceeding $200, and by imprisonment not exceeding 20 days." Code Ann. § 24-2615 (5).

In *General Teamsters Local No. 528 v. Allied Foods, Inc.,* 228 Ga. 479 (186 SE2d 527) (1971), this court held that the power of the superior courts to punish for contempt is limited by this statutory provision; and that the trial court did not have authority to award attorney fees as punishment for contempt. See p. 485.

We therefore conclude that the judgment holding the appellants in contempt of court was proper, but that the punishment assessed in the form of attorney fees for the benefit of counsel for the appellees was improper. We affirm the judgment with direction that the amount awarded as attorney fees be written off the judgment.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED JULY 9, 1975 — DECIDED SEPTEMBER 11, 1975.

*Dillard, Dillard & Shearer, George P. Dillard,* for appellants.

*Mitchell, Clarke, Pate & Anderson, Paul H. Anderson, A. J. Welch, Jr.,* for appellees.