## 59599. HEARD v. THE STATE.

BIRDSONG, Judge.

Probation revocation. Appellant Robert Lee Heard entered a plea of guilty of the offense of credit card theft. He was sentenced to five years, one to serve and four on probation. After six months, Heard was released on probation. The order of probation was couched in language requiring Heard not to violate any state or federal statutes, to report to the probation officer, and keep that officer advised of his (Heard's) whereabouts at all times. Less than a month after his release, Heard was apprehended breaking into a motor vehicle, apparently in an effort to steal it. A petition to show cause why the probation should not be vacated was filed against Heard. That petition alleged that Heard was guilty of motor vehicle theft.

The evidence adduced at the revocation hearing showed beyond any doubt that Heard used a wire to enter a vehicle and then raised the hood, apparently with the intent to "hot wire" the ignition. He was apprehended while still leaning under the hood. Heard maintains that the evidence does not establish motor vehicle theft as opposed to an attempt to commit that theft and therefore the probation was improperly vacated. *Held:*

First, we observe that the terms of the probation were that Heard not violate any state or federal criminal statute. He does not contest that whether the misconduct proved against him amounts to theft of an auto or an attempt to commit the theft of an auto, either act constitutes a violation of a state criminal statute. Secondly, we note that Heard was given a full hearing with right to examine and cross examine all the witnesses. At no time did Heard voice an objection to the adequacy of the notice of the violation of a specific criminal statute. Lastly, we observe that probation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which the defendant was convicted in the first instance. Accordingly, the terms of the probation provide that the privilege would be terminated upon breach of the conditions of the probation order. Whether or not those conditions have been breached should be determined by the court in whose discretion the probation was granted. At the hearing to determine whether or not the probation should be revoked, the appellant was not on trial to determine whether or not he had stolen a motor vehicle, but to determine if he had violated a criminal statute of this state. *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313). Only slight evidence of a violation of the probation order is required to authorize its revocation, and

where there is any evidence supporting the charge of violation, we will not interfere with a revocation unless there has been a manifest abuse of discretion. *Weir v. State,* 145 Ga. App. 618, 619 (244 SE2d 123); *Barlow v. State,* 140 Ga. App. 667 (231 SE2d 561). We find no such abuse in this case.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED MARCH 6, 1980 — DECIDED APRIL 28, 1980.

*Stroud P. Stacy,* for appellant.

*M. Randall Peek, District Attorney, Terry T. Coles, Assistant District Attorney,* for appellee.