## 72304. MIJAJLOVIC v. THE STATE.
(347 SE2d 325)

SOGNIER, Judge.

Maryann Mijajlovic, assistant executive director of a private child placement agency, appeals from an order of the Juvenile Court of Fulton County holding her in contempt of court for failure to comply with subpoenas requiring her presence as a witness and her agency's production of documents in a parental rights termination case.

On December 2, 1985, appellant was personally served with a subpoena requiring her to appear as a witness in the parental rights termination case at 1:30 p.m. on December 11. Because the hearing date for the case was subsequently rescheduled, on December 5, 1985, the receptionist at appellant's agency was given a subpoena, directed to appellant, marked "date changed," listing the date required for appellant's appearance as a witness as December 10, and otherwise identical to the subpoena served on appellant. Also on December 5, 1985, a subpoena directed to the custodian of records for appellant's agency was delivered to the receptionist of the agency, requiring the custodian to produce records at the hearing in the parental rights termination case. Following a hearing, the juvenile court judge found appellant in contempt based on her late arrival at the hearing and based on his finding that appellant had not produced all the records required under the subpoena for the production of documents.

1. Appellant contends the juvenile court erred by holding her in contempt because the subpoenas issued for her appearance and for the production of documents by her agency were served improperly. Under OCGA § 24-10-23, subpoenas may be served only by personal service or by certified mail; a defaulting witness cannot be held in contempt on the basis of an improperly served subpoena. *Edenfield v. State*, 147 Ga. App. 502, 503 (249 SE2d 316) (1978). Appellant was under an obligation to the court to testify as a witness in the parental rights termination case after she was properly served with the initial witness subpoena, see generally *Brady v. State*, 120 Ga. 181 (1) (47 SE 535) (1904), and we find no merit in her argument that that duty was dissolved merely because she received notice of the change in date from her receptionist rather than by the means authorized for service of subpoenas under OCGA § 24-10-23. Nor do we find merit in appellant's argument that the subpoena for the production of documents was improperly served because it was given to the agency receptionist: the receptionist transmitted the subpoena to the appellant; the subpoena was directed to the agency's "custodian of record"; and appellant admitted that she was in charge of the office records whenever the executive director of the agency was away from the office (as he was both at the time the subpoenas were served and at the time of the hearing). See generally *Southwest Community Hosp. v. Thomp-*

*son*, 165 Ga. App. 442, 444 (4) (301 SE2d 501) (1983); *Louisville & N. R. Co. v. Meredith*, 194 Ga. 106, 112 (2b) (21 SE2d 101) (1942).

Further, rather than presenting her arguments as to improper service of the subpoenas by means of a motion to quash pursuant to OCGA § 24-10-22 (b), or otherwise objecting to the subpoenas at trial, appellant, represented by counsel for her agency, voluntarily appeared as a witness in the parental rights termination case and produced some of the documents covered by the subpoena for the production of documents. Thus, appellant is precluded from raising these contentions for the first time in this appeal. See generally *Ga. Retail Assoc. v. Ga. Public Svc. Comm.*, 165 Ga. App. 208, 209 (300 SE2d 544) (1983).

2. Appellant contends the trial court erred by holding her in contempt without first issuing a rule nisi. It is uncontroverted that the contempt here was not in the nature of summary criminal contempt which would authorize the court to exact punishment immediately without notice or opportunity to be heard. See *Moody v. State*, 131 Ga. App. 355, 358-59 (2) (206 SE2d 79) (1974). Rather, the contempt here was "constructive contempt of court, where the alleged contumacious conduct is disobedience to a mandate of the court, [and in such cases] the law requires that a rule nisi issue and be served upon the accused, giving him notice of the charges against him, and that he be given an opportunity to be heard. [Cits.]" *Crocker v. Crocker*, 132 Ga. App. 587, 589 (1) (208 SE2d 602) (1974). However, where a party charged with contempt voluntarily appears and defends against the contempt proceedings, it is not required that he be served with a rule nisi. Id. at 590. In the case at bar, the record reflects that appellant voluntarily appeared with knowledge that she had been charged with contempt, she was represented by counsel for her agency at all times, she testified in defense of the contempt charges and was vigorously defended by her counsel against those charges. Under these circumstances, the juvenile court did not err by holding appellant in contempt without first issuing a rule nisi. See Id.

3. Appellant contends the juvenile court erred by imposing a fine against her in the amount of $500 for each of the two counts of contempt because OCGA § 24-10-25 (a) authorizes a fine not exceeding $300 for the enforcement of a subpoena by contempt. Subsequent to the filing of the notice of appeal in this case, the juvenile court judge issued an order "to correct a mistake," which reduced the fine to $300 for each count of contempt. However, once the notice of appeal from the judgment of contempt was filed, the juvenile court was without authority to modify that judgment and any attempt to do so by subsequent order was a nullity. See OCGA § 5-6-46 (a); *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982). Since the juvenile court judge's fine exceeded the amount authorized by statute, and because

his clear intention was to impose the maximum one authorized, we affirm the judgment appealed from with direction that the fine against appellant be reduced from $1,000 ($500 for each count of contempt) to $600 ($300 for each count of contempt). OCGA §§ 24-10-25 (a); 5-6-8; see generally *Tice Co. v. Evans,* 32 Ga. App. 385, 395 (21) (123 SE 742) (1924).

*Judgment affirmed with direction. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 25, 1986.

*Rebecca G. McLemore,* for appellant.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, Joseph M. Winter, Josephine Hunnicutt,* for appellee.