## A97A1266. SALTER v. GREENE.
### (486 SE2d 650)

ELDRIDGE, Judge.

On November 26, 1996, appellant Mary Salter was held in contempt of court for allegedly violating an alleged court order; she was sentenced to 20 days confinement and fined $500. Finding that the trial court failed to provide the appellant with even the most basic requirements of due process, we reverse the trial court's judgment. Further, we find that the trial court erred as a matter of law in finding the appellant in contempt of the court order at issue.

On or about February 20, 1996, appellant's husband at that time, Larry Salter ("Salter"), was charged with violating the Battery/Family Violence Act, OCGA §§ 16-5-23 and 19-13-1. Salter was released on bond, but the Magistrate Court of Upson County revoked Salter's bond in April 1996 for alleged violations of the conditions of his bond. Salter filed a habeas corpus petition, which was heard by the trial court in May 1996, and he was released on a $20,000 bond. The trial court imposed a special condition of the bond which required that Salter was "to have no contact directly or indirectly with Mary Jean Salter [the appellant] nor is he to have anyone make contact with her on his behalf." The court order granting bond was not worded as an injunction or restraining order applicable to anyone other than Larry Salter; it appears only for the protection of the appellant and does not state that she cannot waive such protection.

On September 26, 1996, Salter was charged with, inter alia, aggravated stalking and making terroristic threats toward the appellant. Part of the basis for such charges involved a trip to Florida Salter made with the appellant, allegedly to discuss issues in their pending divorce action. A hearing was set to determine whether, in making such contact with the appellant, Salter violated the conditions of his previous bond. The appellant was ordered to appear at the hearing as a material witness. The order did not cite the appellant for any alleged contempt on her part, nor did it advise the appellant that she would be called upon to defend herself against a charge of criminal contempt.

However, at the time of the court's order, the appellant was hospitalized in a psychiatric facility and was receiving treatment for

severe depression. The trial court was aware of the appellant's hospitalization and issued an order to the facility to produce the appellant so that she could testify at the hearing. The facility, on behalf of the appellant, moved to quash the order, attaching a physician's affidavit which asserted that the appellant was incapable of testifying because of her mental condition and that forcing her to testify would be detrimental to her health.

During the November 26, 1996 hearing, the trial court granted the motion to quash the order because the appellant was neither competent nor capable of testifying; the appellant was not compelled to testify. However, after hearing testimony that Salter and the appellant had mutual voluntary contact with each other during a trip to Florida, the trial court found both Salter and the appellant in criminal contempt of the trial court's May 1996 order which had reinstated Salter's bond and which, as a special condition of bond, had prohibited Salter from contacting the appellant. Appellant was not notified of the alleged contumacious conduct and was provided no opportunity to secure counsel, present evidence, argue, testify, or otherwise defend herself against the criminal contempt charge. *Held*:

1. The appellant asserts as error the trial court's finding that she was in criminal contempt of a court order absent any notice or opportunity to defend against such charge. We agree.

The appellant was found in constructive criminal contempt of court, in that her alleged violation, i.e., voluntarily accompanying Salter on a trip to Florida, was outside the presence of the court. "In cases of constructive contempt of court, where the alleged contumacious conduct is disobedience to a mandate of the court, not an act in the presence of the court or so near thereto as to obstruct the administration of justice, the law requires that a rule nisi issue and be served upon the accused," thereby giving the accused notice of the pending contempt charge, providing an opportunity for the accused to be heard, and affording a reasonable time for the accused to prepare a defense to the charge. *Crocker v. Crocker*, 132 Ga. App. 587, 589 (208 SE2d 602) (1974); see also *Anthony v. Anthony*, 240 Ga. 155, 157 (240 SE2d 45) (1977) and cases cited therein; *McDaniel v. State*, 202 Ga. App. 409, 412 (414 SE2d 536) (1992); *Mijajlovic v. State*, 179 Ga. App. 506, 507 (347 SE2d 325) (1986); *Martin v. Waters*, 151 Ga. App. 149, 150 (259 SE2d 153) (1979).

Further, " '[c]riminal contempt is a crime in the ordinary sense' . . . [and] the evidence of the contempt must be beyond a reasonable doubt." *Garland v. State*, 253 Ga. 789, 790 (325 SE2d 131) (1985). "Contempt is a drastic remedy which ought not to deprive one of [her] liberty unless it rests upon a firm and proper basis." (Citations and punctuation omitted.) *Martin*, supra at 150.

No rule nisi was issued in the case sub judice. The trial court

order mandating the appellant's appearance as a material witness offered no indication that the appellant should be prepared to defend herself against contempt charges for her participation in the Florida trip with Salter.

Further, during the November 1996 hearing, the trial court was aware that the appellant was without legal representation, was not advised of the contempt charge against her, and was, in fact, physically and mentally incapable of participating in her own defense. Even so, the trial court suddenly and unexpectedly announced that the appellant was in contempt of a court order. Under the circumstances, it is clear that the appellant was denied even the most fundamental requirements of due process. Therefore, the trial court's order finding that she was in contempt must be reversed.

2. In the second enumeration of error, the appellant asserts that the trial court erred in finding her in contempt, as the order which she allegedly violated did not prohibit her from having voluntary contact with her ex-husband, Salter. We agree and find that, as a matter of law, she cannot be charged with contempt for violating the order at issue.

In May 1996, the trial court prohibited Salter from having any contact with the appellant. Such prohibition was a special condition of Salter's bond; it was not a restraining order, as the trial court contended in its November 26, 1996 order holding Salter and the appellant in contempt. As such, the language of the order's condition would not put a reasonable person on notice that the condition applied to anyone other than Salter. Further, as a condition of Salter's bond, the penalty for his violation of the prohibition is bond revocation, not a contempt citation. See generally *Heard v. State*, 154 Ga. App. 420 (268 SE2d 757) (1980).

The appellant was not subject to the bond condition, which, in fact, was issued for her protection. As a matter of law, the appellant cannot be found in contempt for violating a condition of another person's bond.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MAY 7, 1997.

Before Judge Caldwell.

*William A. Adams, Jr.*, for appellant.

*William T. McBroom III, District Attorney, Mallory & Trice, Truitt A. Mallory*, for appellee.