## A98A1214. RAPAPORT v. BUCKHEAD COACH, INC. et al.
### (506 SE2d 690)

SMITH, Judge.

Alan Rapaport appeals from an order finding him in contempt of a consent order and ordering him to pay attorney fees. He contends the trial court erred in holding him in contempt and in imposing a sanction not permitted by law. We conclude that the trial court did not err in finding Rapaport in contempt, but that payment of attorney fees is not a permissible sanction in a criminal contempt action. We therefore affirm the finding of contempt, but we reverse that portion of the trial court's order ordering Rapaport to pay Buckhead Coach's attorney fees and remand to the trial court for imposition of a permissible sanction.

The record shows that Buckhead Coach, Inc. and Hotlanta Buckhead Shuttle, Inc., both d/b/a Hotlanta Buckhead Shuttle and Buckhead Shuttle, brought an action against Rapaport, d/b/a Hotlanta Super Shuttle & Limo Service and Buckhead Super Shuttle, alleging tradename and trademark infringement, deceptive trade practices, unfair competition, and fraud. That action resulted in a consent order, under the terms of which Rapaport was enjoined from identifying his business as Hotlanta Buckhead Shuttle or Buckhead Shuttle. Among other provisions of the consent order, Rapaport was ordered to give prompt notice to Buckhead Coach if he sought to use "any telephone directory listing" to which he was not committed by contract at the time of the consent order.

Buckhead Coach brought this contempt motion, alleging that Rapaport had violated the consent order by contracting with BellSouth Yellow Pages for a listing under the name of Hotlanta Shuttle. At a hearing, evidence was presented that Rapaport had not ordered the listing in issue; it had been placed in the Yellow Pages mistakenly by BellSouth. The trial court heard evidence from Buckhead Coach, however, about a different violation of the consent order: an advertisement for Hotlanta Limo in the Yellow Pages. Rapaport was not prohibited from using this name, but he had placed the advertisement without prior notification to Buckhead Coach. The trial court entered an order finding Rapaport in contempt of the consent order because of the Yellow Pages advertisement for Hotlanta Limo and ordered him to pay Buckhead Coach's attorney fees.

1. Rapaport first maintains the finding of contempt was erroneous because the motion for contempt was directed at the listing for Hotlanta Shuttle and did not address the advertisement for Hotlanta Limo, thereby failing to give him notice or the opportunity to defend himself against such a charge. Rapaport points out that criminal "[c]ontempt is a drastic remedy which ought not to deprive one of [his] liberty unless it rests upon a firm and proper basis." (Citations

and punctuation omitted.) *Salter v. Greene*, 226 Ga. App. 384, 385 (1) (486 SE2d 650) (1997). And we note that the law requires notice and an opportunity to be heard as to the charges before a finding of criminal contempt is made. Id.

We agree with Rapaport that although the order does not specifically label the finding as such, it is a finding of criminal contempt. The distinction between criminal and civil contempt "is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order. [Cit.]" *Carey Canada, Inc. v. Hinely*, 257 Ga. 150, 151 (356 SE2d 202) (1987). In this case, punishment was not made conditional upon any attempt by Rapaport to comply with the consent order.

We do not agree, however, that the motion for contempt was so narrowly drawn that it did not encompass the conduct forming the basis of the finding of contempt. It alleged that Rapaport "is in violation of [the consent order] in that he has failed to give prompt notice of the use of any telephone directory listing to which he was then not currently committed by contract *and* has now committed himself without such notice to a contract with the BellSouth Yellow Pages using the name 'Hotlanta Shuttle', a name also used by the plaintiffs." (Emphasis supplied.) Although the motion specifically enumerated the Hotlanta Shuttle listing, the allegation was drawn in the conjunctive, indicating more than one violation, including the allegation that he had failed to give notice to Buckhead Coach before contracting for a new listing. See generally *Epps v. Nicholson*, 187 Ga. App. 246 (370 SE2d 13) (1988) (use of word "and" between terms defining "residence premises" in fire insurance contract indicates both conditions required); *Haskell v. Domain*, 160 Ga. App. 145, 146 (286 SE2d 755) (1981) (use of "and" to connect requirements for eligibility for retirement program indicates all must be met). Compare *Hill v. Nationwide Mut. Fire Ins. Co.*, 214 Ga. App. 715, 717 (448 SE2d 747) (1994) (use of connector "or" instead of "and" between terms defining "residence premises" in fire policy indicates both conditions not required). Rapaport received the notice to which he was entitled.

2. Rapaport next contends he should not have been found in contempt because the Yellow Pages advertisement was just that — an advertisement, and not a "directory listing" within the meaning of the consent order, as found by the trial court. This contention, too, is patently without merit. It is apparent that the very purpose of the consent order would be subverted if it applied only to a one-line free "listing," while permitting Rapaport to purchase advertisements in telephone directories that used the prohibited names in type faces many times larger than the one-line "listing." To interpret the con-

sent order in this manner would defy common sense. Moreover, Rapaport clearly knew or should have known that regardless of the exact wording of the consent order, this particular conduct was violative of its intent. " 'It is the spirit more than the letter of the injunction to which obedience is required.' " *Smith v. Gwinnett County*, 268 Ga. 179, 180 (1) (486 SE2d 151) (1997). The trial court did not err in finding that the offending advertisement was within the purview of the consent order and that Rapaport had violated the order.

3. We must conclude, however, that OCGA § 15-6-8 limits the power of the superior courts to punish for contempt to those sanctions included in subsection (5) of the statute.[1] Attorney fees are not included in the permissible sanctions, and the Supreme Court of Georgia has held that they are not awardable in conjunction with a citation for criminal contempt. *Gen. Teamsters Local &c. v. Allied Foods*, 228 Ga. 479, 485 (5) (186 SE2d 527) (1971).[2] See *Johnson v. Kaplan*, 225 Ga. App. 53, 56 (3) (483 SE2d 292) (1997). The trial court erred in sanctioning Rapaport by ordering him to pay Buckhead Coach's attorney fees. We therefore vacate the award and remand to the trial court for imposition of a sanction permitted under the statute.

*Judgment affirmed in part and vacated in part and remanded with direction. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 15, 1998.

*Venema, Doherty & Delashmit, Paul T. Wright*, for appellant.
*Richelo, Morrissey & Gould, Brian J. Morrissey*, for appellees.

---

[1] Rapaport mistakenly cites OCGA § 15-2-8 (6), which is inapplicable here.

[2] We note that in civil contempt, attorney fees are awardable. "[A]ttorney fees are awarded only where some express authority or power exists. No authority exists to award attorney fees merely because the action is for contempt. However, where authority exists and there is no prohibition, attorney fees may be awarded. . . . Prohibition against the award of attorney fees is a separate matter from authority for the award. . . . [I]f a prohibition against attorney fees exists in contempt actions it is limited to criminal contempt." *Minor v. Minor*, 257 Ga. 706, 709 (2) (362 SE2d 208) (1987).