A99A0195, A99A0549, A99A0789, A99A0823. ROLLESTON et al.
v. CHERRY et al. (four cases).
(521 SE2d 1)

BLACKBURN, Presiding Judge.

In Case Nos. A99A0195 and A99A0549 Moreton Rolleston, Jr., individually, Moreton Rolleston, Jr., Living Trust, and Moreton Rolleston, Jr., as trustee and/or beneficiary (referred to collectively as the Trust) appeals the trial court's order denying its motion for summary judgment and granting the motion for summary judgment of the Estate of Rebecca Wight Cherry Sims and John Randolph Cherry (referred to collectively as the Estate). The Trust further contends that the trial court's dismissal of its first notice of appeal whereby it attempted to appeal the denial of a previous motion for summary judgment was erroneous. The Trust also appeals the trial court's denial of its motion to set aside the judgment. In Case No. A99A0789, the Trust appeals the trial court's order holding Rolleston in contempt of court and finding that a lease from the Trust violated the interlocutory injunction. In Case No. A99A0823, the Trust appeals the trial court's order which required the posting of a $6 million supersedeas bond.

---

These combined cases are a continuation of litigation by Rolleston and the Trust against the Estate. In *Rolleston v. Cherry*, 226 Ga. App. 750 (487 SE2d 354) (1997), this Court affirmed $5.2 million in judgments against Rolleston for professional negligence, breach of fiduciary duty, fraud, and contribution relating to his representation of Rebecca Wight Cherry Sims. After the verdict, but before the judgment was entered, Rolleston recorded deeds in Fulton County and Glynn County transferring title to all of his property from his name into the name of the Moreton Rolleston, Jr. Living Trust. He also transferred all of his personal property, including cash assets, into the Trust with the exception of his interest in a $500,000 certificate of deposit in German Deutsch marks, which was put into the Trust on a later date. Thereafter, the Estate filed the present case seeking to set aside the transfers of Rolleston's property into the Trust as fraudulent. The Estate also sought and received an interlocutory injunction prohibiting any transfer of real or personal property from the Trust without approval of the court during the pendency of the underlying suit.[1]

Thereafter, the Trust attempted to directly appeal the trial court's denial of its first motion for summary judgment; but as it was an appeal from an interlocutory order, the trial court dismissed Rolleston's notice of appeal.[2] Subsequently, the trial court entered an order granting the Estate's motion for summary judgment and denying the Trust's third renewed motion for summary judgment. By such order, the trial court reserved the Estate's claims for permanent injunction, damages, and attorney fees for trial. These appeals arise out of the trial court's order on the parties' motions for summary judgment.

### Case Nos. A99A0195 and A99A0549

1. The Trust contends that the trial court erred in granting the Estate's motion for summary judgment in that it misapplied OCGA § 18-2-22 and it failed to consider certain evidence.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable con-

---

[1] Upon Rolleston's appeal from the interlocutory injunction, the Supreme Court of Georgia affirmed without opinion. See *Rolleston v. Cherry*, 266 Ga. XXV (466 SE2d 866) (1996).

[2] The Trust then attempted to directly appeal the trial court's order dismissing its appeal. See *Rolleston v. Cherry*, 233 Ga. App. 295 (504 SE2d 504) (1998) where this Court dismissed the Trust's appeal.

clusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592, 593 (472 SE2d 140) (1996).

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

OCGA § 18-2-22 provides:

> The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void: (1) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property . . . to any person . . . where any trust or benefit is reserved to the assignor or any person for him; (2) Every conveyance of real or personal estate . . . of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; . . . and (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

The Estate need not establish a claim under each division of OCGA § 18-2-22, as proof of the elements in any division requires that the conveyances to the Trust be declared null and void. See *Dearing v. A. R. III, Inc.*, 266 Ga. 301, 303 (2) (466 SE2d 565) (1996).

(a) Rolleston argues that OCGA § 18-2-22 does not apply to the transfers he made to the Trust because, at the time of the transfers, he was not indebted to the Estate. However, this argument overlooks the precise statutory language and a long line of case authority. By its specific terms, the statute applies to "creditors and others."

> These "others" include plaintiffs with claims against debtors "liable as tortfeasors, or otherwise . . . for an unascertained damage to person or property, so far as fraudulent conveyances are concerned." *Westmoreland v. Powell*, 59 Ga. 256, 258 [(1877)]. In 1895, the legislature put back in the statute the words declaring certain acts to be fraudulent in law against creditors *"and others"* . . . using as its source *Westmoreland*.

*Kesler v. Veal*, 182 Ga. App. 444, 449 (356 SE2d 254), aff'd in part and rev'd in part, 257 Ga. 677 (362 SE2d 214) (1987). Therefore, OCGA § 18-2-22 is applicable to Rolleston and the transfers he made to the Trust. See also *Mercantile Nat. Bank v. Aldridge*, 233 Ga. 318, 319-320 (210 SE2d 791) (1974).

(b) Rolleston argues that OCGA § 18-2-22 (3) does not apply to the transfers he made to the Trust because he was not insolvent at

the time of the transfers. However, insolvency of the debtor is determined by ascertaining whether he retained sufficient assets to satisfy his obligations after the transfers. See *Chambers v. C & S Nat. Bank*, 242 Ga. 498, 501-502 (249 SE2d 214) (1978). Rolleston was aware of the pendency of the Estate's claims against him by which it sought millions of dollars in damages, and he did not retain sufficient assets to satisfy any award against him. The evidence to which the Trust refers merely establishes the amount of assets transferred into the Trust. The amount of assets transferred into the Trust is not relevant in determining whether the debtor was solvent at the time of the transfer. Id. Furthermore, proof of Rolleston's solvency is unnecessary to establish the Estate's claim pursuant to OCGA § 18-2-22 (2). *Mercantile Nat. Bank*, supra.

Because the trial court did not err in granting the Estate's motion for summary judgment, it also did not err in denying the Trust's motions for summary judgment.

2. The Trust contends that the trial court erred in failing to grant its first motion for summary judgment, arguing that the Estate failed to comply with OCGA § 9-11-56 (e). By this enumeration, the Trust asserts that the Estate failed to respond to its initial motion for summary judgment with any evidence in opposition to such motion. The Trust further asserts that its motion for summary judgment established a prima facie case, and that, therefore, summary judgment in its favor was demanded pursuant to OCGA § 9-11-56 (e).

The Trust's argument rests on its assertion that it had presented a prima facie case entitling it to summary judgment. However, as is shown in our discussion in Division 1, the Trust was not entitled to summary judgment as a matter of law, and therefore, the trial court did not err in denying its motions.

3. The Trust contends that the trial court erred in dismissing its initial notice of appeal of the trial court's order denying its first motion for summary judgment. However, as a direct appeal is not available from the denial of a motion for summary judgment, see OCGA § 5-6-34, the trial court did not err in dismissing the Trust's attempt to pursue such a direct appeal. See *Attwell v. Lane Co.*, 182 Ga. App. 813, 814 (1) (357 SE2d 142) (1987) (trial court empowered to dismiss appeal where judgment not final).

4. The Trust enumerates as error the trial court's order denying its motion to set aside the judgment and motion to dismiss the amended complaint. By this enumeration, the Trust has asserted more than one error.

> It is well settled that when an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated

in violation of OCGA § 5-6-40 or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned.

(Citation and punctuation omitted.) *Stubbs v. Harmon*, 226 Ga. App. 631, 633 (2) (487 SE2d 91) (1997). We will review the first error asserted.

The record makes it clear that the Trust filed a motion to set aside the judgment after the trial court denied its first motion for summary judgment. However, as the Trust's motion was not a proper motion, because there was no judgment to set aside, the trial court's denial of such motion was also not erroneous. Therefore, the Trust's enumeration is without merit.

### Case No. A99A0789

5. Rolleston contends that the trial court erred in finding him and the Trust in contempt of the temporary injunction against alienation of assets by leasing real estate out of the Trust to a limited partnership.

"Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated, are questions for the discretion and judgment of the court that issued the order, and its discretion will not be interfered with by this court unless there is an abuse of discretion. If there be any substantial evidence from which the judge could have concluded that his order had been violated, his finding to that effect cannot be disturbed by this court, insofar as the sufficiency of the evidence is concerned."

*Gen. Teamsters Local Union No. 528 v. Allied Foods*, 228 Ga. 479, 483-484 (186 SE2d 527) (1971).

The temporary injunction provides that Rolleston and the Trust are "enjoined from transferring or conveying any real or personal property without notice to and approval by this Court. This injunction shall remain in full force and effect until further order of this Court." The interlocutory injunction was entered on July 7, 1995. Before the interlocutory injunction was entered, Rolleston created a limited partnership, the MRJR Limited Partnership (the Partnership), of which he is the sole general partner and the Trust is the sole limited partner. The record contains a lease for 100 years from the Trust to the Partnership of substantial real and personal property described in exhibits attached to the lease. The lease was filed with the Fulton County Superior Court on August 13, 1998.

The Trust argues that because the lease did not transfer or convey title, it was not a transfer of the property as proscribed by the interlocutory injunction. However, "a lease of lands for five years or more creates an estate for years and passes as realty in this State. Such an estate may be bought and sold as any other estate, subject to the terms and conditions of the lease. OCGA §§ 44-6-100; 44-6-102; 44-7-1." (Punctuation omitted.) *Paces Partnership v. Grant*, 212 Ga. App. 621, 624 (442 SE2d 826) (1994). This type of transfer clearly violated the interlocutory injunction. "[I]f [one] is in doubt as to what acts he may or may not do under the order, he should request a modification or construction of its terms. If he proceeds under his own construction, he does so at his own peril." *Gen. Teamsters*, supra at 481. Additionally, we note that "[i]t is the spirit more than the letter of the injunction to which obedience is required." (Punctuation omitted.) *Rapaport v. Buckhead Coach*, 234 Ga. App. 363, 365 (2) (506 SE2d 690) (1998).

The trial court determined that no economic purpose appeared on the face of the lease because, pursuant to its terms, the Partnership was required to pay the Trust 50 percent of the net income received in the preceding year. Yet, prior to the lease, the Trust received 100 percent of the net income. The trial court further determined that the lease was not an arms-length transaction because Rolleston was the Trustee of the Trust and also the general partner of the Partnership. Additionally, Rolleston canceled the lease a few days prior to the hearing on the Estate's motion for contempt. Therefore, the trial court did not abuse its discretion in determining that the temporary injunction was violated by the lease in question.

6. Rolleston contends that the trial court erred in holding him in contempt of court, in sentencing him to jail, and ordering him to pay a fine of $500. Rolleston's enumeration is not supported with argument or citation to authority as required by this Court's Rule 27 (c) (2), and is, therefore, deemed abandoned.

In any event, the trial court found that "Rolleston acted with full knowledge that he was violating [its] order and [was] in willful contempt." The trial court sentenced Rolleston "to serve ten (10) days in the common jail of Fulton County," but allowed him to purge the contempt by payment of a fine of $500. The trial court's decision in fining Rolleston was within its discretion, and we find no abuse. Therefore, Rolleston's enumeration is without merit.

7. The Trust contends that attorney fees and costs are not recoverable in an action for contempt and that the trial court erred in awarding them to the Estate. The Supreme Court of Georgia has held that if a prohibition against attorney fees in contempt proceedings exists, it exists because of "constitutional and statutory limits put on the power of the courts to punish for criminal contempt" and is there-

fore limited to criminal contempt actions. *Minor v. Minor*, 257 Ga. 706, 709 (2) (362 SE2d 208) (1987). See also 1983 Ga. Const., Art. I, Sec. II, Par. IV; OCGA § 15-6-8.

"The distinction between criminal and civil contempt is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order." (Punctuation omitted.) *Rapaport*, supra at 364 (1). The present contempt motion is one for criminal contempt as the trial court's order punishes Rolleston for a previous violation of the temporary injunction. In *Rapaport*, we held that "[a]ttorney fees are not included in the permissible sanctions, and the Supreme Court of Georgia has held that they are not awardable in conjunction with a citation for criminal contempt." Id. at 365 (3).

The Estate argues that, because the trial court specifically awarded attorney fees pursuant to OCGA § 13-6-11 and not as punishment for the contempt, it did not err in making the award. The Estate distinguishes the cases cited by Rolleston by pointing out that therein, the attorney fees were awarded as either the sole punishment or as further punishment for the contempt rather than upon a separate basis. See *Gen. Teamsters*, supra (where defendant fined for violation of restraining order and required to pay attorney fees, Court found no authority for award of attorney fees); *Ragsdale v. Bryan*, 235 Ga. 58 (218 SE2d 809) (1975) ("punishment assessed in the form of attorney fees . . . was improper"); *Rapaport*, supra (award of attorney fees reversed where only punishment assessed for finding of criminal contempt).

The Estate's argument fails to address our specific holding in *Rapaport*, wherein we found that attorney fees are not awardable in conjunction with a citation for criminal contempt. Id. at 365. Therein, the Court further distinguished civil contempt by noting that in that context, attorney fees were awardable where some other express authority exists. Id. at 365, n. 2. Therefore, upon the authority of *Rapaport* we must reverse the trial court's award of attorney fees on the Estate's motion for contempt.

*Case No. A99A0823*

8. The Trust contends that the trial court erred in requiring a $6 million supersedeas bond.[3] The Trust argues that OCGA § 5-3-24

---

[3] This issue was previously raised by the Trust in a motion before this Court. On September 17, 1998, this Court entered an order denying the Trust's motion to reverse the trial court's imposition of a supersedeas bond. Such order is hereby vacated and this opinion substituted in its place.

precludes the imposition of a supersedeas bond in the present case. We do not agree.

OCGA § 5-3-24 provides that

> [e]xecutors, administrators, and other trustees, when defending an action as such or defending solely the title of the estate, may enter an appeal without paying costs and giving bond and security as required by Code Section 5-3-22; but, if a judgment should be obtained against such executor, administrator, or other trustee and not the assets of the estate, he must pay costs and give security as in other cases.

However, such Code section governs appeals to superior courts from probate courts, not appeals from superior court to the Court of Appeals. OCGA § 5-6-46 governs the grant of supersedeas bonds on appeals from superior court to the Court of Appeals. This Code section provides, in pertinent part, that "upon motion by the appellee . . . the trial court shall require that supersedeas bond be given with such surety and in such amount as the court may require." Therefore, pursuant to OCGA § 5-6-46, the trial court did not err in granting the Estate's motion for supersedeas bond.

In summary, in Case Nos. A99A0195 and A99A0549 the trial court's grant of summary judgment to the Estate and its denial of summary judgment to the Trust is affirmed. In Case No. A99A0789, the trial court's finding of contempt and punishment therefor is affirmed; however, its assessment of attorney fees is reversed. In Case No. A99A0823, the trial court's requirement of a $6 million supersedeas bond is affirmed.

*Judgment affirmed in Case Nos. A99A0195, A99A0549, and A99A0823. Judgment affirmed in part and reversed in part in Case No. A99A0789. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 12, 1999 —
RECONSIDERATION DENIED APRIL 23, 1999 —

*Moreton Rolleston, Jr.*, pro se.
*Shelby A. Outlaw*, for appellees.