EVANS, receiver, *v.* WHITE, for use, etc.

No. 9463. February 13, 1934.

*T. J. Evans,* for plaintiff in error.
*E. K. Overstreet* and *E. K. Overstreet Jr.,* contra.

ATKINSON, J. ■ A court of equity may appoint a receiver to take possession of and hold, subject to the direction of the court, any assets charged with the payment of debts where there is manifest danger of loss or destruction or material injury to those interested. Civil Code, § 5479. "The receivers so appointed must discharge their trust according to the order or decree of the courts appointing them, and are at all times subject to their orders, and may be brought to account." § 5481. "The receiver is an officer and servant of the court appointing him, is responsible to no other tribunal than a court of equity, and must in all things obey its direction." § 5483. "The powers of the several courts in this State to issue attachments and inflict summary punishment for contempt of court" extends to "the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any officer of said courts . . to any lawful writ, process, order, rule, decree, or command of the said courts." § 4643. "Attachments for contempt are either civil or criminal, or both. . . In the former, the attachment, being remedial, is merely to compel obedience to an order requiring the payment of money, or to do some act for the benefit of a party litigant, and where the party ordered fails to comply, not out of disrespect to the court, but for other causes within or without his control." *Davis* v. *Davis,* 138 *Ga.* 8 (74 S. E. 830). It has been held by this court: "If a receiver has been directed by the court to deposit a fund arising from the sale of property of the debtor, in banks, subject to be withdrawn only on his check when the same has been countersigned by the judge presiding in the court which appointed him, and, in violation of his duty and in disregard of the order of the court, the receiver obtains such funds from the banks, on checks not countersigned, and appropriates the same to his own use, then, regardless of the question whether or not the bank is liable for such wrongful payment, such receiver is in direct contempt of the court, whose officer he is, and he may be attached and punished for contempt in disregarding the orders of the court, and also for a failure or refusal, when so ordered, to pay into court the fund so misappropriated." *Tindall* v. *Nisbet,* 113 *Ga.* 1114 (2) (39 S. E. 450, 55 L. R. A. 225). In this *Tindall* case it was further held: "A creditor prima facie entitled to participate in the fund so withheld is a proper party to move an at-

tachment against the defaulting receiver." The writ of mandamus is available only when there is "no other specific legal remedy for the legal rights." Civil Code, § 5440; *Mallox* v. *Board of Education of Liberty County,* 148 *Ga.* 577-581 (97 S. E. 532, 5 A. L. R. 568). It follows from the foregoing, that where in 1916, prior to enactment of the banking act of 1919 (Ga. L. 1919, pp. 135 et seq.), a court of equity appointed a receiver for an insolvent bank, and in 1925 a creditor intervened in the case for the purpose of recovering the amount of a debt and setting up a claim of priority over all other creditors for the amount of his demand, and obtained, on July 8, 1925, a judgment for the amount of his demand, which also declared that the demand shall have priority over other debts in relation "to the funds now in the hands of the receiver . . or that may come into his hands from any of the assets of said bank," said intervenor had a specific legal remedy against the receiver under the Civil Code, § 4643, for refusal to pay the demand, by application for attachment as for a civil contempt of court to compel payment of his judgment. In these circumstances the writ of mandamus against the receiver was not an available remedy to compel payment of such judgment.

■ The ruling announced in the second headnote does not require elaboration. *Judgment reversed. All the Justices concur.*