### 44954. MINOR v. MINOR et al.
(362 SE2d 208)

GREGORY, Justice.

This is yet another appeal in the litigation that has surrounded the administration of the estate of L. L. Minor, Sr. who died in Au-

gust 1977. At his death, L. L. Minor, Sr. left two children, Dr. James B. Minor, appellant, and L. L. Minor, Jr. The will of L. L. Minor, Sr. was probated in Taylor County, Georgia, and Dr. James B. Minor, qualified as executor. After payment of debts and specific bequests, the entire estate was to be divided between testator's two sons. On July 5, 1978, L. L. Minor, Jr. died leaving four children, three of whom are appellees in the instant case.

The litigation began on March 27, 1978 when James L. Minor, the son of L. L. Minor, Jr., filed a petition in the probate court of Taylor County seeking to force appellant to pay certain specific bequests contained in the will of L. L. Minor, Sr. The petition also sought an accounting and the removal of Dr. Minor as executor. On July 14, 1978 the court entered an order requiring the bequests to be paid and allowing Dr. Minor to remain as executor. The order also required that Dr. Minor submit to the court a plan to wind up the estate. Dr. Minor appealed this order to the Superior Court.

In May 1981, James L. Minor recast his petition for removal and the other appellees intervened. When the case came on for trial in August 1981, the parties entered into a conditional settlement agreement. The agreement allowed Dr. Minor to remain as executor but required him to take certain action toward winding up the estate. On January 27, 1982 appellees filed an application for court supervision and contempt against Dr. Minor. On February 16, 1982 the court entered an order withholding judgment but once more ordering Dr. Minor to submit a plan of settlement and distribution. In November of 1982 appellees again turned to the court in an attempt to force Dr. Minor to comply with the terms of the August 1981 agreement. The negotiations and hearings in that case lasted through October 11, 1983 when appellees filed a motion seeking the appointment of a receiver and to have Dr. Minor held in contempt. In June of 1984 the court held Dr. Minor in contempt. He appealed the contempt order but the appeal was dismissed for failure to file the transcript. He then appealed the dismissal. That appeal failed for mootness. In August 1984 a hearing was held to determine if Dr. Minor had complied with the terms of the contempt order. On October 1, 1984 Dr. Minor was removed as executor. He appealed to this court and we affirmed without writing an opinion pursuant to Supreme Court Rule 59. The trial court then appointed a successor administrator and Dr. Minor filed an application to appeal, which was granted but later dismissed. Further, this court denied an application for interlocutory appeal filed by Dr. Minor concerning the appointment of an attorney for the new administrator.

The appointment of the successor administrator became final in August 1985. Soon after his appointment the administrator learned that Dr. Minor, in his capacity as executor, had borrowed funds from

his wife and his children and had given them security deeds conveying property of the estate. Based on this information, the appellees then sought an injunction and to have Dr. Minor deliver the deeds for cancellation. Further, the administrator filed a separate action to have the deeds set aside. The court entered an order in both cases restraining Dr. Minor from exercising any rights under the deeds executed to himself and ordering him to deliver up for cancellation all of the subject deeds because they had not been legally delivered. Dr. Minor appealed both cases and this court affirmed under Rule 59.

On June 30, 1987 the trial court, on an application filed by the administrator, held Dr. Minor in contempt for failure to comply with previous court orders. The court found that Dr. Minor did not deliver up the deeds that had been executed to his wife and children as he had been instructed by the court to do. The court also noted that Dr. Minor had represented to the court in 1983 that the sum now alleged to be secured by those deeds was unsecured. The court determined that the deeds were void for lack of delivery and lack of consideration. The court further noted that Dr. Minor had been ordered to pay attorney fees and costs and the sum had not been paid. Dr. Minor was ordered incarcerated in the Taylor County jail until he purged himself of the contempt. The court provided that he could purge himself of the contempt by delivering the security deeds with appropriate cancellation signatures thereon or by delivering appropriate quitclaim deeds duly executed with respect to each of said deeds to secure debt and by paying attorney fees and $197 per day until the order was complied with.

1. In his first two enumerations of error Dr. Minor contends the trial court erred in holding him in contempt for failure to obey its prior order and requiring him to deliver up the deeds to secure debt to his wife and children for cancellation or in the alternative to produce quitclaim deeds. Dr. Minor contends this requires him to cause others over whom he lacks control to take action. He fails to properly comprehend the trial court's order.

The rights of the wife and children of Dr. Minor were not before the court below and were therefore not adjudicated. Dr. Minor was before the court and as to him the nature and force of the deeds were adjudicated as against the rights and interests of the appellees here. In prior orders of the trial court it was adjudicated that the deeds were invalid for lack of consideration and delivery. (This adjudication was, of course, not binding on the wife and children who were not parties. It is also to be observed that the validity of the alleged debts secured by the deeds was not determined.) It was determined that the execution and recording of the deeds violated Dr. Minor's own stipulation that there were no secured debts of the estate. Further, the trial court determined the act of Dr. Minor in recording the deeds

constituted a cloud on the title of lands of the estate. The trial court ordered Dr. Minor to deliver up the deeds for the obvious purpose of removing the clouds on the title. This is only just and proper since he caused the clouds on title to exist contrary to his own stipulation and duty as executor. If he is unable to persuade his wife and children to voluntarily satisfy the security deeds or furnish quitclaim deeds, he may have to pay the alleged underlying debts in order to obtain the necessary result. Should this happen, he may choose to require assignments of these debts in order to pursue them as appropriate. In any event, Dr. Minor has it within his power to cause the ill effect of the deeds to be removed. His failure to accomplish this is the basis of his contempt. We find no error here.

2. The next enumeration of error complains of the award of attorney fees against Dr. Minor. The trial court awarded attorney fees under the authority of OCGA § 9-15-14. That section authorizes an award of attorney fees for several reasons including the reason that a party or attorney brought or defended an action, or part of an action, for delay or harassment. Dr. Minor argues attorney fees may not be awarded in a contempt action because they are prohibited by law. Without deciding here whether such a prohibition exists, we hold that it is limited to criminal contempt actions if it exists at all. If a prohibition exists it is because of the constitutional and statutory limits put on the power of the courts to punish for criminal contempt. 1983 Ga. Const., Art. I, Sec. II, Par. IV.; OCGA § 15-6-8. Here the sanctions were not to punish for past misconduct but to compel future actions. This is civil contempt; it is not criminal contempt. *Cobb v. Black,* 34 Ga. 162 (1865); *Warner v. Martin,* 124 Ga. 387 (52 SE 446) (1905).

We have held "there is no power to award attorney fees in contempt proceedings" *DeKalb County v. Bolick,* 249 Ga. 843 (295 SE2d 92) (1982). This means attorney fees are awarded only where some express authority or power exists. No authority exists to award attorney fees merely because the action is for contempt. However, where authority exists and there is no prohibition, attorney fees may be awarded. An example is in the area of contempt in domestic relations actions. OCGA § 19-6-2. This statute is not general authority for awards of attorney fees in all contempt actions but it is authority for awards of attorney fees in a contempt action arising out of either an alimony case or a divorce and alimony case.

Prohibition against the award of attorney fees is a separate matter from authority for the award. As we have indicated above, if a prohibition against attorney fees exists in contempt actions it is limited to criminal contempt. This action is in civil contempt. Thus there is no prohibition against the award of attorney fees. Furthermore, there is authority for the award of attorney fees contained in OCGA §

9-15-14. We find no error.

3. In his last enumeration, Dr. Minor claims that the trial court erred by requiring that he pay $197 per day until he complies with the court's order. He contends that this is in excess of the limits allowed by OCGA § 15-6-8. Because this is civil contempt and not criminal contempt, OCGA § 15-6-8 does not apply.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 24, 1987 —
RECONSIDERATION DENIED DECEMBER 16, 1987.

*Swertfeger & Scott, Stanley E. Kreimer, Jr.,* for appellant.
*Byrd & Anthony, Garland T. Byrd,* for appellees.