S98A1956. FORD v. FORD.
(509 SE2d 612)

HUNSTEIN, Justice.

Francis Ford appeals from the order of the trial court finding him in criminal contempt of the court's order regarding payment instanter of sums due appellee under a divorce decree. We agree with appellant that because he did not receive reasonable notice of the contempt hearing, the trial court's ruling must be reversed.

After notice and a hearing in March 1998, the trial court in an order filed April 13, 1998 held appellant in wilful contempt of the parties' divorce decree for his failure to pay his share of his minor

children's medical bills. The order required appellant to pay $638 instanter. When appellant failed to make the payment, on June 3 counsel for appellee wrote a letter to the trial court requesting appellant be held in contempt for failure to comply and that the trial court impose sanctions on appellant. Appellee's letter requested that any hearing on the matter be conducted telephonically, pursuant to USCR 9. The letter indicates that a copy was sent to appellant's counsel. By letter dated June 4, the trial court informed counsel for both parties that the court had received appellee's letter and that the trial judge was available for a telephone conference on a set date.[1] No further information was provided in the trial court's letter. At the time the telephone conference was conducted, appellant had paid the $683. The trial court, however, proceeded to hold appellant in criminal contempt of court for his failure to comply with the April 13 order.

" '[R]easonable notice of a charge and an opportunity to be heard in defense before punishment is imposed are "basic in our system of jurisprudence." ' [Cit.]" *Taylor v. Hayes*, 418 U. S. 488, 498 (94 SC 2697, 41 LE2d 897) (1974). See also *Dowdy v. Palmour*, 251 Ga. 135 (2) (304 SE2d 52) (1983). To comport with due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Cits.] The notice must be of such nature as reasonably to convey the required information. [Cit.]" *Mullane v. Central Hanover Bank &c. Co.*, 339 U. S. 306, 314 (70 SC 652, 94 LE 865) (1950). Accord *Crenshaw v. Crenshaw*, 267 Ga. 20 (1) fn. 5 (471 SE2d 845) (1996). The notice received by appellant from the trial court was not reasonable because it failed to adequately inform appellant of the charge against him so that he would have the opportunity to defend himself against the charge at the specified time and place for the hearing.[2] Under the facts in this case, the trial court's letter did not constitute sufficient notice merely because it included a statement that the court had "received" appellee's letter and that a hearing would be held on "this matter."

It is well established that a party who has failed to pay support under a court order when he has the ability to pay may be found guilty of civil or criminal contempt and incarcerated under either. *Hughes v. Dept. of Human Resources*, 269 Ga. 587 (1) (502 SE2d 233) (1998). "The distinction between criminal and civil contempt is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punish-

---

[1] The letter also stated that should the set date be inconvenient, that appellee's counsel should obtain a rule nisi for scheduling the matter.

[2] It is not necessary here to reach the question whether a telephonic conference pursuant to USCR 9 can ever be an appropriate forum for imposing criminal contempt.

ment as a means of coercing future compliance with a prior court order." (Citations and punctuation omitted.) *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462 (2) (491 SE2d 60) (1997). "Contempt is a drastic remedy which 'ought not to deprive one of his liberty unless it rests upon a firm and proper basis.' [Cits.]" *Martin v. Waters*, 151 Ga. App. 149, 150 (2) (259 SE2d 153) (1979). See also *McDaniel v. State*, 202 Ga. App. 409 (1) (414 SE2d 536) (1992). Contrary to appellee's contention, where the notice of the hearing is unreasonable, the fact that the contemnor voluntarily appears and defends at the hearing does not excuse the failure to comport with due process. Compare *In re Brant*, 230 Ga. App. 283 (3) (496 SE2d 321) (1998). Because the minimum requirements of due process were not extended to appellant in this case, the contempt judgment must be set aside.

*Judgment reversed. All the Justices concur.*

DECIDED DECEMBER 4, 1998.

*Francis N. Ford,* pro se.
*Christopher L. Casey,* for appellee.