## A03A1765. NORRED v. MOORE.
### (588 SE2d 301)

ELLINGTON, Judge.

The Superior Court of Newton County held Donald Norred in contempt of a "Stalking[1] Six Month Protective Order" entered to protect his neighbor, Chris Moore. Norred appeals, contending the trial court erred in ordering him jailed until he paid a certain sum, ordering him jailed unconditionally for five weekends, and ordering him to vacate his home. As explained below, we affirm in part, reverse in part, and remand for further proceedings.

The record shows the following proceedings. The underlying protective order, entered August 1, 2002, directed Norred to have no contact with Moore and "to receive appropriate psychiatric or psychological services." The order also awarded Moore "costs and attorney's fees in the amount of $500,"[2] but gave Norred no deadline for payment. On December 12, 2002, Moore filed a motion for contempt, alleging Norred had "wilfully failed to comply with the Court's Order by failing to pay costs and attorney's fees in the amount of $500." After a hearing, the trial court entered the appealed order on February 21, 2003, finding Norred in contempt of the August 1, 2002 order for failing to pay the $500 in costs and attorney fees, for wilfully refusing to receive appropriate psychiatric or psychological services, and for continuing to harass and intimidate Moore, "by continuing to approach the fence which separates the parties['] property as well as making unwarranted emergency 911 calls regarding" Moore. The trial court ordered Norred jailed

> until such time that he purges himself of the contempt by making payment to the Newton County Sheriff's Department for the following particulars: (a) [Norred] shall pay $500 . . . toward court costs and attorney's fees [as directed]

---

[1] See OCGA § 16-5-90 et seq. (stalking).

[2] See OCGA § 16-5-94 (d) (3) (authorizing trial courts to award costs and attorney fees in connection with stalking protective orders).

in the Stalking Six Month Protective Order dated August 1, 2002; . . . (b) [Norred] shall pay $590 . . . toward the costs and attorney's fees in the present contempt action; (c) [Norred] shall pay $450 toward costs and attorney's fees in the above-styled action.

The trial court also unconditionally ordered Norred jailed for five consecutive weekends. Finally, the trial court ordered Norred to "immediately vacate" his home, allowing him only "to return to the premises for the purpose of retrieving his belongings and materials."

Because the trial court imposed both conditional and unconditional punishments, this case involves both civil and criminal contempt,[3] which are each subject to a different standard of review.

On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In civil contempt appeals, if there is any evidence from which the trial court could have concluded that its order had been violated, we are without power to disturb the judgment absent an abuse of discretion.

(Punctuation and footnotes omitted.) *In re Waitz*, 255 Ga. App. 841, 842 (567 SE2d 87) (2002).

1. As a preliminary matter, we note that Norred did not enumerate as error the portion of the contempt order finding him in contempt for failing to satisfy the $500 attorney fee obligation imposed in the August 1 order and ordering him jailed until he paid that amount. Accordingly, we affirm Paragraphs 2, 5 (b), and 6 (a) of the trial court's order.

2. Norred contends the trial court erred in ordering him jailed until he paid the combined sum of $1,040 imposed for the first time in the contempt order. We agree.

---

[3] See *Ford v. Ford*, 270 Ga. 314, 315-316 (509 SE2d 612) (1998) ("The distinction between criminal and civil contempt is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order.") (citation and punctuation omitted); *Evans v. White*, 178 Ga. 262, 263 (172 SE 913) (1934) ("Attachments for contempt are either civil or criminal, or both. In the former, the attachment, being remedial, is merely to compel obedience to an order requiring the payment of money, or to do some act for the benefit of a party litigant, and where the party ordered fails to comply, not out of disrespect to the court, but for other causes within or without his control.") (citation and punctuation omitted). See generally Daniel's Ga. Criminal Trial Practice, § 27-1 (2002).

(a) Attorney fees may be awarded in cases of civil contempt[4] but only if some "express authority or power exists." *Minor v. Minor*, 257 Ga. 706, 709 (2) (362 SE2d 208) (1987). "No authority exists to award attorney fees merely because the action is for contempt." Id. In this case, the trial court failed to identify any express authority for the fees. Accordingly, we vacate Paragraphs 6 (b) and (c) of the trial court's order and remand this case for further proceedings. The trial court must articulate express legal authority for the $1,040 in costs and attorney fees imposed in the appealed order or relieve Norred of the obligation. *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462-463 (2) (491 SE2d 60) (1997). See also *McKemie v. City of Griffin*, 272 Ga. 843, 845 (4) (537 SE2d 66) (2000) (a judgment awarding attorney fees under OCGA § 9-15-14 which lacks required findings must be vacated and the case must be remanded for the trial court "to make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it").

(b) In addition, we note that it is a violation of due process to impose a new monetary obligation and, simultaneously in the same order and without giving the respondent a reasonable opportunity to pay, to hold the respondent in contempt and order him jailed until he purges himself of the contempt by making payment. In order to find a respondent in contempt of a court order to pay a certain sum, due process requires the trial court to give the respondent the following: (1) a reasonable opportunity to comply with the previous order before contempt proceedings, (2) notice of his alleged wilful failure to pay, and (3) an opportunity at a hearing to show that his failure to pay the amount owed was not wilful.[5] See *Ford v. Ford*, 270 Ga. 314, 315 (509 SE2d 612) (1998) (contempt procedure failed to comport with due process requirements because notice failed to adequately inform respondent that he was charged with failing to pay support as ordered and thus failed to give respondent an opportunity to defend himself at the

---

[4] But see *Rapaport v. Buckhead Coach, Inc.*, 234 Ga. App. 363, 365 (3) (506 SE2d 690) (1998) (in citations for *criminal* contempt, attorney fees are not included in the statutorily permissible sanctions set out in OCGA § 15-6-8 (5) and may not be awarded).

[5] Under certain circumstances, an alleged contemnor is also entitled to a jury trial. OCGA § 15-1-4 (b) provides:

No person shall be imprisoned for contempt for failing or refusing to pay over money under any order, decree, or judgment of any court of law or any other court of this state when he denies that the money ordered or decreed to be paid over is in his power, custody, or control until he has a trial by jury in accordance with [provisions set out in the Code section].

In this case, however, Norred did not file a written response to the motion for contempt. In addition, the hearing on the motion was not taken down and transcribed. Accordingly, we cannot determine, on this record, whether Norred "denie[d] that the money ordered or decreed to be paid over [was] in his power, custody, or control."

specified time and place for the hearing); *Floyd v. Floyd*, 247 Ga. 551, 552-553 (1) (277 SE2d 658) (1981) (procedure comported with due process where after a hearing court found respondent in contempt for wilful failure to pay support as ordered and gave him three days to purge himself before incarceration); *Hortman v. Ga. Bd. of Dental Examiners*, 214 Ga. 560, 564 (2) (105 SE2d 732) (1958) (procedure failed to comport with due process where notice failed to apprise respondent of the acts which he was charged with committing in violation of an injunctive order); *In re Brookins*, 153 Ga. App. 82, 87 (264 SE2d 560) (1980) (procedure failed to comport with due process where "the thing ordered to be done [was not] within the power of the person against whom the order [was] directed") (citation and punctuation omitted); *Martin v. Waters*, 151 Ga. App. 149, 150 (2) (259 SE2d 153) (1979) (procedure failed to comport with due process where court summarily sentenced respondent to jail time for failure to appear in court as ordered without notice and a hearing into whether the respondent's noncompliance with the court directive was wilful rather than accidental or unavoidable). See generally *Davis v. Davis*, 138 Ga. 8 (74 SE 830) (1912); Davis and Shulman's Ga. Practice & Procedure, § 3-6 (2002 ed.).

Because the trial court lacked authority to order Norred jailed until he paid the additional $1,040 in the same order as those fees were assessed, we reverse that portion of Paragraph 6 of the trial court's order. *Pizza Hut of America v. Kesler*, 254 Ga. 360 (2) (329 SE2d 133) (1985).

3. Norred contends the trial court erred in ordering him to vacate his home. We agree. Because this punishment is unconditional, and therefore criminal contempt, the trial court was limited to the punishments provided in OCGA § 15-6-8 (5). *Rapaport v. Buckhead Coach, Inc.*, 234 Ga. App. 363, 365 (3) (506 SE2d 690) (1998). Because the trial court lacked authority to impose such a punishment, we reverse Paragraph 8 of the trial court's order. Id.

4. Norred contends the trial court erred in ordering him jailed for five consecutive weekends.

As discussed in Division 2 (b), supra, a charge of contempt based on an alleged violation of a court order must apprise the respondent of the specific acts which he is charged with committing in violation of the subject order, so that he may be prepared to defend against such allegations at the hearing.

In this case, the motion for contempt and the rule nisi put Norred on notice only of the charge that he violated the court's order entered August 1, 2002, that he pay $500 in costs and attorney fees. Nor is there any evidence in the record that Norred waived notice as to the other alleged violations. See *Crocker v. Crocker*, 132 Ga. App. 587, 590 (1) (208 SE2d 602) (1974) ("The failure to give the requisite

rule nisi to an alleged contemner may, of course, be waived. . . . But such a waiver cannot be imputed unless it be shown that the notice was unequivocally waived."). The contempt order does not specify that the unconditional jail time was imposed for his failure to pay the $500 rather than for the other violations of the trial court's August 1 order.[6] Accordingly, we remand for clarification of Paragraph 7 of the trial court's order.

*Judgment affirmed in part, reversed in part, vacated in part and case remanded. Blackburn, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 2, 2003.

*Fred R. White,* for appellant.
*Reed Edmondson, Jr.,* for appellee.

---

[6] *Ford v. Ford,* 270 Ga. at 315 ("It is well established that a party who has failed to pay support under a court order when he has the ability to pay may be found guilty of civil or criminal contempt and incarcerated under either.") (citation omitted).