## S04F1433. SIMPKINS v. SIMPKINS.
### (603 SE2d 275)

FLETCHER, Chief Justice.

Agnes Simpkins filed for divorce against William Simpkins in May 2001. At the time of trial, William Simpkins was living in a nursing home in Virginia and was represented at trial by his son and legal guardian, John Simpkins. William Simpkins died in October 2002. As executor of William Simpkins' estate, John Simpkins appeals both the trial court's final order of divorce and its finding of willful contempt against him. Because the trial court did not abuse its discretion in holding John Simpkins in contempt, and because we find no other error, we affirm.

Two days before the end of the trial, John Simpkins signed and filed an affidavit stating that a certain BB&T money market account contained over $99,000. The jury equitably divided the parties' property on March 26, 2002, and awarded the BB&T account to Agnes

---

Simpkins. When John Simpkins finally submitted that account into the court's registry on September 3, 2002, however, it contained less than $6,000.

Agnes Simpkins filed a motion to hold John Simpkins in contempt for willfully violating the court's order with respect to the BB&T account, and the trial court held a hearing on the matter on September 11, 2002. Although John Simpkins did not personally appear as ordered by the court, his attorney argued that the money had been spent in compliance with the court's prior orders pertaining to the use of marital funds. The trial court disagreed, and held Mr. Simpkins in contempt. The trial court also entered the final judgment of divorce on that day.

1. "In order for one to be held in contempt, there must be a willful disobedience of the court's decree or judgment."[1] A trial court's decision regarding the issue of contempt will not be reversed on appeal if there is any evidence to support it.[2]

Our review of the record shows that throughout the course of the divorce proceedings, an injunction was in place limiting the parties' rights to transfer or dispose of the marital funds in their possession. In addition, statutory law in Georgia restricts a person's right to dispose of marital assets after a divorce action has been filed.[3] The trial court concluded that despite the existence of alternative funds, John Simpkins chose to allocate funds from the BB&T account to pay his own attorney fees and his father's living expenses. Because we find that the trial court did not abuse its discretion in finding that John Simpkins willfully violated its orders, we affirm the trial court's order of contempt.

2. Because we are satisfied upon a review of the record that none of John Simpkins' other arguments have any merit whatsoever, we affirm the trial court's entry of the final judgment of divorce.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004 —
RECONSIDERATION DENIED OCTOBER 25, 2004.

*James D. Patrick*, for appellant.

---

[1] *Gallit v. Buckley*, 240 Ga. 621, 626 (242 SE2d 89) (1978).
[2] *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976).
[3] OCGA § 19-5-7.

*Hirsch, Partin, Grogan & Grogan, Lynn L. Grogan, Lee Roy Grogan, Jr.*, for appellee.