**THIRD DIVISION**
**DILLARD, C. J.,**
**GOBEIL and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 24, 2019**

# In the Court of Appeals of Georgia

A19A0154. DEHCO, INC. v. BOARD OF REGENTS OF THE
   UNIVERSITY SYSTEM OF GEORGIA.

COOMER, Judge.

Dehco, Inc. ("Dehco") filed a petition in the Superior Court of Cobb County seeking a private way for access across property owned by the Board of Regents of the University System of Georgia (the "Board"). The Board filed a motion to dismiss, which was granted by the trial court. On appeal, Dehco contends that the trial court erred in (1) finding that a constitutional claim was absent from its petition for access, (2) finding that an exercise of its constitutional right using the procedures of OCGA § 44-9-40 et seq. was a new claim and that the notice pleading requirements of the Civil Practice Act were not met, and (3) dismissing the petition rather than giving

Dehco a period of time in which to amend its pleading. For the following reasons, we vacate and remand.

Dehco is a Georgia corporation owning landlocked real property in Cobb County, Georgia. Dehco filed a petition pursuant to OCGA §§ 44-9-40 and 44-9-41 seeking a private way for access to the landlocked property across land owned by the Board. The Board filed a motion to dismiss based on the lack of subject matter jurisdiction on grounds of sovereign immunity. In response, Dehco argued that the superior court did not lack subject matter jurisdiction because its petition filed pursuant to OCGA § 44-9-40 et seq. was based on the right accorded to a property owner under Art. I, Sec. III, Par. II, of the Constitution of the State of Georgia and that sovereign immunity is not a bar to the enforcement of a constitutional right.

The trial court found that Dehco's petition raised no constitutional claims, and characterized Dehco's argument that the case arises from a constitutional right as a "completely new claim made for the first time in response to [a] motion for summary judgment" which "does not satisfy even the liberal requirements of the Georgia Civil Practice Act . . . for notice pleading." As a result, the trial court found that it did not need to address whether there was a constitutional waiver of sovereign immunity. The

2

trial court found that Dehco had failed to show any waiver of sovereign immunity in either OCGA §§ 44-9-40 or 44-9-41, and thus granted the Board's motion to dismiss. This appeal followed.

"The trial court's ruling on the motion to dismiss on sovereign immunity grounds is reviewed de novo[.]" *Coosa Valley Technical College v. West*, 299 Ga. App. 171, 172 (682 SE2d 187) (2009) (citation and punctuation omitted).

1. In closely related enumerations, Dehco argues that the trial court erred by finding (1) that its petition did not contain a constitutional claim and (2) that an exercise of its constitutional right using the procedures of OCGA § 44-9-40 et seq. was a new claim that did not meet the notice pleading requirements of Georgia's Civil Practice Act. We agree.

Art. I, Sec. III, Par. II of the Constitution of the State of Georgia provides that "[i]n case of necessity, private ways may be granted upon just and adequate compensation being first paid by the applicant." Ga. Const. of 1983, Art. I, Sec. III, Par. II. The procedure for obtaining a private way is codified in OCGA § 44-9-40 et seq. OCGA § 44-9-40 (a) provides that the "superior court shall have jurisdiction to grant private ways[.]" OCGA § 44-9-40 (b) allows a "person or corporation of this state [who] owns real estate . . . to which the person or corporation has no means of

3

access, ingress, and egress" to file a petition in superior court praying for "a judgment condemning an easement of access, ingress, and egress[.]" OCGA § 44-9-40 (b) also provides that "[t]he filing of the petition is deemed to be the declaration of necessity[.]" OCGA § 44-9-41 sets forth requirements for the content of the petition.

Under Georgia's Civil Practice Act, a complaint must contain a "short and plain statement of the claims showing that the pleader is entitled to relief," OCGA § 9-11-8 (a) (2) (A), and "must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading." *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 89-90 (720 SE2d 370) (2011) (citation and punctuation omitted). Distinct claims founded on separate transactions must be pled in distinct counts to the extent that a separation facilitates the clear presentation of the matters set forth. *See* OCGA § 9-11-10 (b); *Bush*, 313 Ga. App. at 90.

On appeal, the Board argues that while both OCGA § 44-9-40 et seq. and Ga. Const. of 1983, Art. I, Sec. III, Par. II provide mechanisms to obtain easements in the case of necessity, claims brought pursuant to OCGA § 44-9-40 et seq. and Ga. Const. of 1983, Art. I, Sec. III, Par. II must be brought as distinct claims in distinct counts. However, the Georgia Supreme Court has explained that OCGA § 44-9-40 et seq.

4

provides the procedure to be followed to petition for the grant of a private way as authorized by Ga. Const. of 1983, Art. I, Sec. III, Par. II:

> Authority to petition for the grant of a private way is provided in Art. I, Sec. III, Par. II of the Constitution [of the State of Georgia] and the procedure to obtain a private way is codified in Art. III, Chapter 9 of Title 44 [of the Official Code of Georgia]. . . . Title 44 creates a statutory procedure by which an individual can obtain a private way across property owned by another.

*Cline v. McMullan*, 263 Ga. 321, 321 (1) (431 SE2d 368) (1993). Because filing a petition pursuant to OCGA § 44-9-40 et seq. is the procedure by which an owner of landlocked real estate asserts its rights provided by Ga. Const. of 1983, Art. I, Sec. III, Par. II, the trial court erred by characterizing Dehco's argument that it was exercising its constitutional right by attempting to obtain a private way to its landlocked property as a new claim that had not been raised in the complaint. Dehco's complaint brought pursuant to OCGA § 44-9-40 et seq. is necessarily an attempt to enforce its constitutional right to obtain a private way. The statute exists for the sole purpose of providing a procedure for petitioners to enforce their rights preserved to them by Art. I, Sec. III, Par. II of the Constitution. Accordingly, we vacate the trial

court's order and remand the case to the trial court to consider whether a constitutional waiver of sovereign immunity exists.

2. Because of our conclusion in Division 1, we need not address Dehco's remaining enumeration.

*Judgment vacated and case remanded. Dillard, C. J., and Gobeil, J., concur.*