**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 15, 2020**

# In the Court of Appeals of Georgia

A20A0695. McLAWS v. DREW.

BARNES, Presiding Judge.

This appeal arises out of a petition for contempt filed in Cobb County Superior Court by Monica Drew against her ex-husband, Jay Drew. After Monica prevailed on the petition, one of Jay's attorneys, Rebecca McLaws, filed a motion for a new trial or, alternatively, a motion to set aside and for reconsideration. McLaws subsequently filed a motion seeking the recusal of the trial judge. Following the trial court's denial of both motions, Monica moved under OCGA § 9-15-14 (b) for the attorney fees and expenses incurred in defending against the same. The trial court granted the motion for attorney fees and entered judgment against both McLaws and Jay. McLaws now appeals from that order, arguing that the trial court erred in granting the motion for attorney fees because both the motion for a new trial and the motion seeking recusal

of the trial judge were supported by relevant legal authority and the facts of record. McLaws further contends that, even if the attorney fee award was proper, the order must be vacated because: (1) it contains no specific findings of fact as to the alleged misconduct of Jay or his attorney; and (2) it failed to identify what portion of the requested attorney fees was attributable to the alleged misconduct. For reasons explained more fully below, we find that the trial court erred in granting the motion for attorney fees, and we therefore reverse the trial court's order.

We review a trial court's award of attorney fees under OCGA § 9-15-14 (b) for an abuse of discretion. *Shoenthal v. DeKalb County Employees Retirement System Pension Board*, 343 Ga. App. 27, 30 (805 SE2d 650) (2017). Such an abuse of discretion occurs "where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." (Citation and punctuation omitted.) *Donohoe v. Donohoe*, 323 Ga. App. 473, 476 (746 SE2d 185) (2013).

The record shows that Monica and Jay were divorced in 2017, and the couple has one child. Monica filed her contempt petition in July 2018, seeking monies owed under the parties' divorce decree for the child's school tuition, extracurricular activities, and counseling sessions. The petition also sought to recover monies owed from checks returned by the bank, and requested an order requiring Jay to make all

2

future payments directly to the court. On October 4, 2018, the trial court held a hearing on the contempt petition. Jay appeared at that hearing, represented by attorney Justin Chin. There is no transcript of the hearing, although Chin submitted an affidavit stating that he requested that the hearing be taken down, "but was told that the court reporter was busy." Chin further averred that during the lunch break of the October 4 hearing, Jay began experiencing symptoms of a heart attack. Chin drove his client to a local hospital and left Jay there while Chin returned to court. Chin informed the court of his client's status, offered to show the court a video of his client at the hospital, and requested a continuance. The trial court declined to view the video and denied the request for a continuance.

Chin further asserted that he reviewed the pleadings prior to the hearing, and they did not indicate "that child support and/or arrearage" was being sought. Additionally, Chin stated that Monica presented no documentary evidence showing that Jay owed the amounts claimed. Chin also averred that Monica's lawyer submitted neither an affidavit nor billing invoices to substantiate her request for attorney fees, and Chin was not provided an opportunity to cross-examine plaintiff's counsel as to the reasonableness of those fees. Chin's affidavit testimony is unrefuted, and with respect to his claims regarding a lack of evidence, the record shows that on the day

of the hearing, Chin filed with the clerk of court a list of the exhibits introduced by the defense at the hearing.[1] No such evidence list was filed by Monica.

Immediately after the contempt hearing, the trial court entered an order finding Jay was in willful violation of the parties's divorce decree. Specifically, the court found that Jay owed Monica $4,411 in child support; $5,874 for school tuition for the previous and current years; $1,210 for the child's extracurricular activities; and $410 for the child's counseling services. The court further found that Jay had the ability to pay those amounts, because "he [was] capable of obtaining employment." Additionally, the court stated it had considered the financial circumstances of both parties and that under OCGA § 19-6-2, Monica was entitled to attorney fees of $2,600. The order required Jay to pay the entire amount owed ($14,505) to the Cobb County Sheriff's office by November 5, 2018. The order further provided that if Jay failed to pay by that date, the Cobb County Sheriff was to arrest Jay and hold him in jail until he purged himself of contempt by paying the entire amount.

---

[1] Those documents included a March 6, 2018 email between Monica and Jay; photo copies of checks; the child's school enrollment contract; evidence of vocal lesson payments, and monthly invoices for piano lessons.

On November 5, 2018, McLaws filed a motion for a new trial or, in the alternative, a motion to set aside and for reconsideration. The motion alleged that the trial court had erred in refusing to grant a continuance following Jay's medical emergency, resulting in a violation of Jay's constitutional right to due process; in allowing evidence of Jay's alleged arrearage of child support payments, as the same had not been requested in the petition and Jay therefore had no notice he needed to defend against that claim; in failing to consider Monica's in judicio admissions relating to the alleged child support arrearage; in awarding attorney fees without receiving evidence or testimony as to the amount of those fees; and in failing to consider the financial circumstances of the parties before awarding attorney fees under OCGA § 19-6-2. In support of the new trial motion, McLaws submitted Jay's affidavit, in which he testified as to his trip to the hospital during the lunch break of the contempt hearing. Jay further testified that he lacked the ability to pay the amount required by the court, stating that he did not own a home and had neither a retirement account nor other assets he could liquidate. Additionally, Jay averred that he was never questioned by an attorney or the court as to his ability to pay an award of attorney fees. Jay's affidavit also contested the amount awarded to Monica by the court, stating that the evidence he presented at the hearing showed he did not owe the

amount of child support arrearage awarded; that in calculating school tuition, the trial court ignored the evidence showing he had paid the amounts owed for August, September, and October 2018; and that the amount of money awarded Monica for the child's extracurricular activities exceeded the amount allowed by the divorce decree.

Although the filing of the motion for a new trial operated as a supersedeas to the judgment of contempt, the trial court apparently failed to communicate that fact to the Cobb County Sheriff's department and, on November 26, 2018, Jay was arrested and incarcerated. The following day, McLaws filed a motion seeking both a stay of enforcement of the contempt order and Jay's immediate release from custody. According to an affidavit submitted by McLaws, before she filed the motion, she contacted the trial court to inform it of the supersedeas effect of Jay's new trial motion and presented the court with a proposed order for Jay's immediate and unconditional release. The court, however, declined to enter the order and conditioned Jay's release on payment of $8,000 to Monica. On November 30, 2018, the trial court entered a consent order releasing Jay from jail, noting his payment of $8,000, and requiring him to pay the balance of $6,505 on or before December 17.

On December 7, in her capacity as Jay's attorney, McLaws filed a motion seeking the disqualification or recusal of the trial judge. In support of the this motion,

6

McLaws argued that the trial court's repeated violation of Jay's constitutional right to due process had created an appearance that the trial judge could not be impartial in deciding Jay's motion for a new trial. To support the arguments with respect to the violation of Jay's constitutional rights, McLaws submitted her own affidavit and the affidavit of Chin, detailing the trial court's refusal to continue the hearing after Jay suffered a medical emergency and its decision to jail Jay despite the filing of the motion for a new trial.

On December 10, the trial court entered an order denying Jay's motion to recuse. One week later, on December 17, the trial court held a hearing on both Jay's compliance with the contempt order and his motion for a new trial. That same day, Jay filed notice of his Chapter 13 bankruptcy petition, , which stayed enforcement of the contempt order. The court, therefore, heard only the new trial motion. At that hearing, McLaws set forth the grounds for the new trial, including the failure to grant a continuance, the failure to consider the parties' financial conditions before awarding attorney fees, the lack of evidence supporting the amounts allegedly owed under the divorce decree, and the evidence supporting a reduction in the amount awarded Monica. Less than three hours after the hearing, the trial court entered an order denying the motion for a new trial. In its order, the court did not address all of the

7

arguments made by McLaws in either her written motion or at the hearing. Instead, the court only stated that the parties had the opportunity to present arguments and "at the hearing, Defendant argued that the Court should vacate its October 4, 2018 [order] because the Court did not grant any of Defendant's requests for continuance."

Following entry of the trial court's order, Monica moved under OCGA § 9-15-14 (b) for an award of attorney fees and expenses associated with defending against both the motion to recuse and the motion for a new trial. The court heard that motion on August 29, 2019,[2] and the following morning it entered an order granting the same and assessing $4,765.75 in attorney fees against both McLaws and Jay. McLaws then filed an application for a discretionary appeal, which we granted. This appeal followed.

1. Under OCGA § 9-15-14 (b), a trial court has the discretion to award attorney fees and expenses against any party the court finds "brought or defended an action, or any part thereof, that lacked substantial justification." The statute defines "lacking substantial justification" as "substantially frivolous, substantially groundless, or substantially vexatious." Thus, "a court is not authorized to award attorney fees under

---

[2] That hearing apparently was not transcribed, as no transcript is included in the appellate record.

8

OCGA § 9-15-14 (b) where a ruling on the claim [or motion] at issue is dependent upon the resolution of a factual or legal dispute." *Lee v. Park*, 341 Ga. App. 350, 355 (1) (800 SE2d 29) (2017). Where a trial court finds that an award of attorney fees is warranted, it must enter an order specifying the exact statutory basis for the award and making express findings of fact to support its conclusion. *Cook v. Campbell-Cook*, 349 Ga. App. 325, 328 (1) (826 SE2d 155) (2019). These findings must include the specific conduct of the party and/or his attorney justifying the award. Id. Moreover, "the trial court must limit the fee[] award to those fees incurred because of the sanctionable conduct. Lump sum or unapportioned attorney fees awards are not permitted in Georgia." (Citation and punctuation omitted.) Id. at 329 (2).

Here, the trial court's order contains no express factual findings. Instead, the court concluded that an award of attorney fees was warranted because, "[a]s delineated in" Monica's response to the new trial motion, Jay's motion "was baseless in every respect. The motion was deficient and lacked legal authority" and "failed to comply with Uniform Superior Court Rules." The court further concluded that the motion to recuse warranted an award of fees because Jay "failed to satisfy the conditions [for recusal set forth in Uniform Superior Court Rule] 25.3." We find no merit in any of the trial court's conclusions.

9

(a) With respect to the motion for a new trial, a review of both Monica's response to that motion and the hearing on it indicate that the court's conclusion regarding the alleged deficiencies in the motion concerned procedural matters, rather than the merits of that motion. Specifically, Monica argued that the written motion cited no statutory basis for a new trial and contained no citation of legal authority, in violation of Uniform Superior Court Rule 6.1. Additionally, quoting OCGA § 9-11-60,[3] Monica's counsel argued that McLaws had failed to identify an "intrinsic defect" not appearing on "the face of the record or the pleadings."

We first note that the Uniform Superior Court Rule ("USCR") relied upon by Monica and the trial court requires that *pretrial* motions "include or be accompanied by citations of supporting authorities and, where allegations of stipulated facts relied upon, supporting affidavits, or citations to evidentiary materials of record." USCR 6.1. No such requirement exists with respect to a motion for a new trial. See USCR 41. Moreover, despite Monica's claim that Jay cited no statutory basis for his motion, OCGA § 9-11-60 (c) provides such a basis. And while motions for a new trial are available only to challenge some "intrinsic defect" that does not appear on the face

---

[3] That statute provides, in relevant part, that "[a] motion for new trial must be predicated upon some intrinsic defect which is not appear upon the face of the record or pleadings." OCGA § 9-11-60 (c).

10

of the record or pleadings, "errors allegedly committed by the trial court" constitute such an intrinsic defect. *Gulledge v. State*, 276 Ga. 740, 741 (1) (583 SE2d 862) (2003). See also *Parker v. Robinson*, 337 Ga. App. 362, 363 (1) (787 SE2d 317) (2016) (a motion for a new trial "is a proper vehicle . . . for challenging factual findings made by . . . a judge in a trial-like setting" and such a motion may be used to challenge a trial court's finding of contempt).

Furthermore, our review of the record shows that the grounds for a new trial set forth in Jay's motion were not substantially frivolous, groundless, or vexatious. First, in a contempt proceeding, which could result in a loss of the defendant's liberty, due process requires that a defendant be given notice that adequately informs him of the claim or claims he must defend against. See *Ford v. Ford*, 270 Ga. 314, 315 (509 SE2d 612) (1998). See also *Dehco, Inc v. Board of Regents of the University System of Georgia*, 350 Ga. App. 760, 762 (1) (830 SE2d 333) (2019) (under Georgia's Civil Practice Act, a pleading must provide a defendant with fair notice of the claim asserted and the relief sought). Having reviewed the contempt petition filed by Monica, we agree that it does not provide notice that she was seeking payment of back child support. The petition sought monies owed under the parties' divorce decree for the child's school tuition, extracurricular activities, and counseling

11

sessions, as well as monies owed "from checks returned by the bank." Notably, the petition does not specify whether the amounts sought with respect to the returned checks are bank fees, the amount of the checks, or both. Nor does the petition specify whether the dishonored checks represented payments for tuition, extracurricular activities, or child support.

Additionally, the assertion that the trial court violated Jay's due process rights when it refused to grant a continuance following his medical emergency has support in the law. It is well-established that the requirements of due process apply in a civil contempt proceeding. See *Ford*, 270 Ga. at 315; *Norred v. Moore*, 263 Ga. App. 516, 518-519 (2) (b) (588 SE2d 301) (2003). And due process includes the opportunity to be heard. *Ford*, 270 Ga. at 315 ("an opportunity to be heard in defense before punishment is imposed [is] basic in our system of jurisprudence") (citation and punctuation omitted). As Monica conceded in her brief responding to Jay's new trial motion, however, she was the only party afforded an opportunity to testify before the lunch break of the contempt hearing. Jay, therefore, had a reasonable basis for asserting that the trial court's failure to grant a continuance following his medical incident violated his right to due process.

Finally, the remaining grounds asserted by Jay in support of his motion for a new trial all concerned whether the amount of money awarded Monica, including the statutory attorney fees awarded under OCGA § 19-6-2, was supported by the evidence. These grounds were not baseless, but rather were supported by the unrefuted affidavits of both Jay and Chin.

In light of the foregoing, we find that Monica failed to show that she was entitled under OCGA § 19-15-14 (b) to an award of the attorney fees and expenses she incurred in defending the motion for a new trial, and the trial court abused its discretion in concluding otherwise. See *Lee*, 341 Ga. App. at 355 (1).

(b) We further find that the trial court abused its discretion in awarding Monica the attorney fees and expenses she incurred in defending against the motion to recuse.

Under Georgia law, a motion to recuse a judge must be accompanied by an affidavit. The affidavit, in turn, must

> clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements, which demonstrate either bias in favor of any adverse party, or prejudice toward the moving party in particular . . . . Allegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings.

13

USCR 25.2.

When the trial judge assigned to the case receives a motion to recuse, he or she must make a threshold determination as to whether the motion is timely; whether the affidavit is legally sufficient; and whether the affidavit "sets forth facts that, if proved, would warrant the assigned judge's recusal from the case." *Post v. State*, 298 Ga. 241, 243 (1) (779 SE2d 624) (2015). "If all three criteria are met, another judge shall be assigned to hear the motion to recuse." (Citation and punctuation omitted.) Id. See also USCR 25.3. Here, the trial court found that the affidavits submitted by McLaws and Chin were insufficient for two reasons. Specifically, the court found that the affidavits failed to set forth allegations of bias stemming from extra-judicial conduct or statements. Additionally, the court found that, even assuming the statements in the supporting affidavits were true, the conduct alleged was not "of such a nature and intensity" that would prevent Jay from receiving impartial treatment from the court. The trial court then relied on its finding as to the insufficiency of the affidavits to award Monica attorney fees.

Despite the trial court's conclusion to the contrary, the mere fact that the affidavits were insufficient, standing alone, does not justify an award of attorney fees under OCGA § 9-15-14. See, e.g., *Shoenthal*, 343 Ga. App. at 30 (the mere fact that

a party prevails on its motion to dismiss for failure to state a claim did not a justify granting their motion for attorney fees). Instead, for purposes of OCGA § 9-15-14 (b), the question is whether a party's motion lacked substantial justification. Here, we agree that the basis of the recusal motion was not extrajudicial conduct – i.e., the motion was not based on something other than what the trial judge "learned from participating in the case." *Henderson v. McVay*, 269 Ga. 7, 8 (494 SE2d 653) (1998). Nevertheless, we cannot say that the motion to recuse was without substantial justification so as to warrant an attorney fee award. See Judicial Code of Conduct Rule 2.11 (A) (1) ("Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned," including when "[t]he judge has a personal bias or prejudice concerning a party or a party's lawyer . . . .")

The record shows that the trial court twice overlooked well-established law to incarcerate Jay in violation of his due process rights. First, the trial court entered an impermissible self-executing contempt order, which provided for Jay's imprisonment without affording him a hearing to determine whether his failure to purge contempt was willful. As we have explained previously, "[a] hearing on a party's compliance (or noncompliance) with purge conditions is necessary to satisfy due process for several reasons." *Rocker v First Bank of Dalton*, 343 Ga. App. 501, 506 (2) (806

SE2d 884) (2017). These reasons include the fact that "the final arbiter as to whether compliance has been achieved must be the trial court" and, if the court finds that the contemnor has failed to comply, it must determine that this failure was deliberate before it may order the contemnor's incarceration. Id. See also *Norred*, 263 Ga. App. at 518 (2) (b) (under due process, a trial court may not order the incarceration of a contemnor for failure to purge himself of contempt without providing him "an opportunity at a hearing to show that his failure to pay the amount owed was not willful"); *Steele v. Colbert*, 182 Ga. App. 680, 680 (356 SE2d 736) (1987) (given the requirements of due process, a trial court "cannot assume that [any] failure" to comply with purge conditions "will be unjustifiable"). The trial court then compounded its initial due process violation when it failed to recognize that Jay's motion for a new trial operated as a supersedeas, barring the enforcement of the contempt order. See OCGA § 9-11-62 (b) ("[t]he filing of a motion for a new trial . . . shall act as supersedeas unless otherwise ordered by the court"); *Payne v. Myatt*, 351 Ga. App. 678, 679 (2) (832 SE2d 663) (2019) (given that he had filed a motion for new trial, a party could not be held in contempt for failure to comply with the trial court's order requiring payment of attorney fees). Moreover, even after McLaws pointed out to the trial court that it was in violation of OCGA § 9-11-62, the trial

16

court failed to remedy that violation by ordering Jay's unconditional release from custody. Instead, the court conditioned Jay's release on his payment of more than half of the amount he was previously ordered to pay, despite the fact that he was contesting that amount. Given these facts, we cannot say that the motion to recuse the trial judge was substantially frivolous, groundless, or vexatious. See *Mondy v. Magnolia Advanced Materials*, 303 Ga. 764, 767-768 (2) (815 SE 70) (2018) (the standard for recusal under the Code of Judicial Conduct "is an objective one" and asks "whether a fair-minded and impartial person would have a reasonable perception of the judge's lack of impartiality based upon objective facts set forth in the affidavit or reasonable inferences therefrom") (citation and punctuation omitted).

2. In light of our holding in Division 1, we need not address McLaws's remaining claims of error.

For the reasons set forth above, we reverse the order of the trial court granting Monica Drew's motion for attorney fees under OCGA § 9-14-15 (b).

*Judgment reversed. Gobeil and Pipkin, J. J., concur.*

17